**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the
# Supreme Court of Georgia

No. S26G0900
The Lamar Company, LLC
v.
North Fulton Outdoor, LLC

On Writ of Certiorari from the Court of Appeals of Georgia
No. A26D0296

Decided: August 11, 2026

BETHEL, Justice.

The Board of Zoning Appeals directed The Lamar Company ("Lamar") to remove LED displays from a billboard Lamar was constructing. Lamar sought review in the Superior Court of Fulton County, challenging the Board's decision and adding additional claims. The superior court ultimately affirmed the Board's decision but left Lamar's other claims pending. Lamar then filed a discretionary application with the Court of Appeals of Georgia, which dismissed the application in an unpublished order after determining that Lamar could not appeal the superior court's nonfinal ruling by discretionary application. Lamar now seeks certiorari review of that

dismissal, arguing that the Court of Appeals erred in its jurisdictional analysis by failing to consider the specific nature of the ruling being appealed. We agree.

In the dismissal order, the Court of Appeals first concluded that OCGA § 5-6-35(a)(1)[1]—which prescribes a discretionary application for review of superior court rulings reviewing decisions of certain listed entities—applied to Lamar's attempt to obtain review of the superior court's ruling on the Board of Zoning Appeals decision. The Court of Appeals then concluded that Section 5-6-35(a)(1) authorizes appeals by discretionary application only when the disputed ruling is a *final* ruling. The Court of Appeals acknowledged Lamar's argument that the superior court's ruling was tantamount

---

[1] OCGA § 5-6-35(a)(1) provides for certain appeals to be by discretionary application:

Appeals from decisions of the superior courts reviewing decisions of the State Board of Workers' Compensation, the State Board of Education, auditors, state and local administrative agencies, lower courts, and quasi-judicial decisions of boards or agencies of local governments, including those defined in paragraphs (1.1) and (1.2) of Code Section 36-66-3 by petition for review[.]

to injunctive relief under OCGA § 5-6-34(a)(4)[2], which authorizes direct appeals of both "interlocutory [and] final injunctions," but did not conclude whether the ruling qualified as such. Instead, the Court of Appeals concluded that Section 5-6-34(a)(4) was a "conflicting method[] for pursuing an appeal." The Court of Appeals then looked to the "underlying subject matter … to determine the proper procedure to follow in order to appeal." And, because the underlying subject matter concerns a superior court's review of an administrative zoning decision, the Court of Appeals determined that the dispute was subject to Section 5-6-35(a)(1) and required the decision be final in order to be appealable, that interlocutory review of the superior court's nonfinal order was unavailable, and that the Court of Appeals therefore lacked jurisdiction to consider Lamar's discretionary appeal.

---

[2] OCGA § 5-6-34(a)(4) provides:
Appeals may be taken to the Supreme Court and the Court of Appeals from the following judgments and rulings of the superior courts, the Georgia State-wide Business Court, the Georgia Tax Court, the constitutional city courts, and such other courts or tribunals from which appeals are authorized by the Constitution and laws of this state: …  All judgments or orders granting or refusing applications for receivers or for interlocutory or final injunctions[.]

That was error. Sections 5-6-34(a) and 5-6-35 are not "conflicting methods for pursuing an appeal." Section 5-6-34(a) lists types of rulings that are immediately appealable without first obtaining a certificate of immediate review from the trial court, meaning that they can be appealed without following the interlocutory appeal requirements of Section 5-6-34(b). *Grogan v. City of Dawsonville*, 305 Ga. 79, 82 (2019) (noting that Section 5-6-34(a) "lists the trial court judgments and orders that may be appealed immediately, while [Section 5-6-34(b)] provides that for other orders a party must follow the interlocutory appeal procedure to obtain permission to seek appellate review."). And Section 5-6-34(a)'s list includes orders granting or refusing to issue interlocutory injunctions. OCGA § 5-6-34(a)(4). By contrast, Section 5-6-35 "imposes a separate requirement that, in certain cases, a party must file an application for discretionary appeal." See *Sockwell Corners, LLC v. Newton County* 931 SE2d 147, 149 (2026). And Section 5-6-35 applies only to immediately appealable cases because a party who obtains a certificate of immediate review must file an interlocutory application. See

4

*Grogan*, 305 Ga. at 82 (Section 5-6-35 "governs the process by which a party must file an application for discretionary review for certain orders that are immediately appealable.").

There is overlap between the kinds of rulings listed in Sections 5-6-34(a) and 5-6-35. As we recently explained, "[w]here the appeal is one that is listed in OCGA § 5-6-35(a), the discretionary application procedure must be followed, even when the party is appealing a judgment or order that is procedurally subject to direct appeal under OCGA § 5-6-34(a)." Id. (quotation marks omitted). So, a decision or order can be both immediately appealable and appealable only by discretionary application, as when an order is a nonfinal injunction under Section 5-6-34(a)(4) *and* the underlying case concerns superior court review of certain listed entities under Section 5-6-35(a)(1). *Grogan*, 305 Ga. at 82.

That could have been the case here: the superior court's order could be an immediately appealable interlocutory injunction under Section 5-6-34(a)(4). But the Court of Appeals did not address that

5

point, effectively concluding that the nature of the order did not matter because it was nonfinal and thus not appealable by discretionary application under Section 5-6-35(a)(1). But Section 5-6-34(a)(4) *would* provide for an immediate appeal if the superior court's order is in fact an interlocutory injunction. That would mean Lamar followed the correct procedure, appealing an interlocutory injunction by discretionary application. So we grant the petition for certiorari, vacate the Court of Appeals's order, and remand for that court to determine whether the superior court's order is an interlocutory injunction subject to an immediate appeal under Section 5-6-34(a)(4) and whether the Court of Appeals has jurisdiction over this application for discretionary appeal.

*Petition for certiorari granted, judgment vacated, and case remanded with direction. All the Justices concur, except for Land, J., disqualified.*